Bradley L. Jacobs, SBN 162761
Bradley L. Jacobs, Attorney at Law APC
501 West Broadway, Suite1650
San Diego, California 92101
(619) 233-9503/Fax: (619) 233-3730
blj@attorneybradjacobs.com

John H. Horwitz, Esq. 137192
Schaffer, Lax, McNaughton & Chen
515 S. Figueroa St., Ste 1400
Los Angeles, CA 90071
(213) 337-1000/ Fax: (213) 337-1010
horwitzj@slmclaw.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARDENAS and MACHELLE CARDENAS, individuals;  and EL PASEO GRANDE, LLC, an Arizona limited liability company, | Civil Action No. 13cv1720-LAB-KSC |
| | **DEFENDANT'S MOTION TO DISMISS [FRCP 12(b)(6)]** |
| Plaintiffs, | |
| v. | |
| ROBERTSON WHITTEMORE, an individual and DOES 1-10, inclusive, | Date:   **November 25, 2013** <br> Time: **11:15am** <br> Dept:  **14A (annex)** <br> **Judge: Hon. Larry Burns** |
| Defendants. | |
| | [ORAL ARGUMENT REQUESTED] |

MEMORANDUM  OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

## TABLE OF CONTENTS

I.    INTRODUCTION …………………………………………………………1

II.   STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY…………2

II.   ARGUMENT………………………………………………………………6

      A.   The Applicable Legal Standard…………………………………………6

      B.   Plaintiffs' Claims Are Barred Under Doctrine Of Res Judicata:………………..7

           i. Applicable Law Re. Rule Against Splitting Causes Of Action:………………..7

           ii.Plaintiffs' Claims Pre-dating March 11, 2013 May Not Be Raised In

           This Action: …………………………………………………………..8

           iii. Plaintiffs' Remaining Claims Are Precluded By

           The State Court Actions:………………………………………………9

      C.   Plaintiff's Claims Are Barred Under The Doctrine Of Collateral Estoppel:……10

           i.    The Applicable Law Re. Collateral Estoppel:………………………..10

           ii.   Plaintiffs Are Precluded From Re-Litigating

           Previously-Adjudicated Issues:………………………………………11

      D.   Plaintiffs' Futile Attempt To Plead Around Res Judicata And Collateral

           Estoppel:………………………………………………………………11

      E.   Defendant's Alleged Photographing Of Plaintiffs' Property Is

           Privileged Conduct:…………………………………………………..13

      F.   Plaintiffs'Tort Claims Are Barred By Their Choice Of A Contract Remedy: ….15

IV.   CONCLUSION………………………………………………………………16

# TABLE OF AUTHORITIES

## FEDERAL CASES

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)…………………………….………………6

Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)……………………………6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)………………………………………6

Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009)………………………….……………6

Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989)………………………………………6

McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)…………………………………………12

McInnes v. California, 943 F.2d 1088, 1092-93 (9th Cir.1991)…………………………………10

Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001)………………………………….…………6

## STATE CASES

Aas v. Superior Court (2000) 24 Cal.4[th] 627, 543…………………………………………………15

Action Apartment Assn., Inc. v. City of Santa Monica (2007) 41 Cal.4[th] 1232, 1241…………14

Border Bus. Park, Inc. v. City of San Diego (2006) 142 Cal.App.4[th] 1538, 1566-67………….11

Carroll v. Puritan Leasing Co. (1978) 77 Cal.App.3d 481, 490………………………………..…10

Coscia v. McKenna & Cuneo (2001) 25 Cal.4[th] 1194, 1201 n.1……………………………….11

Crowley v. Katleman(1994) 8 Cal.4[th] 666, 681. …………………………………………………7

Erlich v. Menezes (1999) 21 Cal.4[th] 543………………………………………………….....15,16

Foley v. Interactive Data Corp. (1988) 47 Cal.3d 654……………………………………………15

Freeman & Mills, Inc. v. Belcher Oil Co. (1995) 11 Cal.4[th] 85……………………………..15,16

Mycogen Corp. v. Monsanto Co. (2002) 28 Cal.4[th] 888, 904…………………………………7,8

Rusheen v. Cohen (2006) 37 Cal.4[th] 1048, 1057…………………………………………………14

Silbergv. Anderson (1990) 50 Cal.3d 205, 215-216. …………………………………….………14

Sutphin v. Speik (1940) 15 Cal.2d 195, 202……………………………………….……7

Tensor Group v. City of Glendale (1993) 14 Cal.App.4[th] 154, 160………………………………7

Weikel v. TCW Realty Fund II Holding Co. (1997) 55 Cal.App.4[th] 1234, 1245…………………7

FEDERAL STATUTES

Fed. R. Civ. P. 8(a)………………………………………………...…………………….11

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………1,6

STATE STATUTES

California Civil Code section 47………………………………………… ……………………2,13

SECONDARY AUTHORITIES

7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 280, p. 820………………………………..8

**DEFENDANT'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR PLAINTIFFS' FAILURE TO STATE A CLAIM**

Defendant ROBERTSON WHITTEMORE ("Defendant" or "WHITTEMORE") respectfully files the instant Memorandum of Points and Authorities in support of his motion to dismiss the suit of Plaintiffs JOSEPH CARDENAS, MACHELLE CARDENAS (collectively "CARDENAS") and EL PASEO GRANDE, LLC ("PASEO") (CARDENAS and PASEO collectively referred to herein as "Plaintiffs") for failure to state a claim upon which relief can be granted, as authorized by Fed. R. Civ. P. 12(b)(6).

**I.**

**INTRODUCTION**

As is disclosed on the face of their Complaint for Damages and Injunction (the "Complaint"), Plaintiffs cannot plausibly state claims for "Nuisance" (Count I), "Injunction Against Nuisance" (Count II), "Trespass to Real Property" (Count III) and "Injunction Against Trespass" (Count IV), as alleged therein. With respect to Plaintiffs' putative nuisance and trespass claims, as pled in the Complaint these claims could and should have been brought during the time that this court exercised jurisdiction over Plaintiffs' previous lawsuit (Case No. 10cv1808-LAB-KSC, styled *Cardenas v. Whittemore* [the "Previous Action"]) against WHITTEMORE.  To the extent, if any, Plaintiffs' putative claims arose after this Court terminated the Previous Action, they are nonetheless similarly barred and/or waived because Plaintiffs submitted them to the jurisdiction of the state court which, in or about April, 2013, granted them much the same injunctive relief they now seek through the instant action (*see* Complaint, Exh. "B"). Accordingly, pursuant to the doctrines of res judicata and collateral estoppel, the claims cannot be raised in the instant subsequent action.

With respect to Plaintiffs' claim based upon WHITTEMORE's alleged photographing (of Plaintiffs' property) activity, Plaintiffs by their own admission previously agreed to limit

1

themselves to a contractual remedy for the purported injuries which are the basis this action (*see* Complaint ¶17 and Exh. "C").   Accordingly, Plaintiffs are barred from seeking tort damages for the alleged photographing activity, as they are attempting to do in the instant action.   Moreover, WHITTEMORE's alleged photographing of Plaintiffs' property was preparatory to litigation and, as such, is protected by the litigation privilege under California Civil Code section 47.

In every respect, the Complaint is a shameless attempt by Plaintiffs to open yet another front in their protracted legal war against their hated neighbor, WHITTEMORE, and to have a second bite at the proverbial apple. As discussed in greater detail *infra*, this Court should dismiss the pointless Complaint pursuant to the doctrines of res judicata and collateral estoppel, the litigation privilege, and in the interests of fairness and judicial economy.

## II.

## STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

This is at the core a dispute between next door neighbors. Plaintiffs and Defendant have been engaged in a protracted legal battle that originated with WHITTEMORE's request in 2009 for planning commission review of an outdoor deck that CARDENAS planned to construct. Plaintiffs' extreme animus against WHITTEMORE is undeniable and intractable.

As alleged in the Complaint, Plaintiffs' previously sued WHITTEMORE in United States District Court, Southern District of California (the Previous Action).   Complaint ¶¶ 10-12.   A copy of the Complaint in the Previous Action is attached to Defendant's Notice of Lodgment of Exhibits subject to Request for Judicial Notice ("DRJN") as Exhibit "A" [Complaint in Previous Action]. The Complaint in the Previous Action seeks money damages for alleged infliction of emotional distress and injunctive relief based upon Plaintiffs' claim of "trespass" against WHITTEMORE.   DRJN Exh. "A" at ¶¶ 28-35. The Complaint in the Previous Action alleges in pertinent part: "In entering upon Plaintiffs' real property without their permission … and

otherwise walking across Plaintiffs' lawn and taking photographs outside of the area of a public beach easement, all without Plaintiffs' permission, Defendants (*i.e.,* WHITTEMORE) intentionally trespassed on Plaintiffs' real property … Defendants … have intentionally and repeatedly trespassed on Plaintiffs' real property.  DRJN Exh."A" at ¶ 29.

According to the Complaint: "[O]n the afternoon of February 13, 2013, the Court (in the Previous Action) announced its oral verdict to grant judgment to Plaintiffs against Defendant …." Complaint ¶11.  It is further alleged in the Complaint that the Previous Action "was decided by this Court on February 14, 2013."  The salient fact is that on March 11, 2013, the Court issued its final Order of Judgment, a copy of which is attached to the Complaint as Exhibit "A."  Complaint ¶12 and Exh."A" [Order of Judgment] thereto.  As stated in the Order of Judgment: "[T]he Clerk is directed enter judgment in favor of Plaintiffs and against Defendants, and to terminate the case." Complaint Exh. "A" at 12:13-14.  The Court did not retain jurisdiction over the case, nor is there any indication it was asked to do so by any party.

The allegations pertaining to the claim of "trespass" in the Complaint in the Previous Action give rise to two key questions: 1) were the allegations of trespass and nuisance in the Complaint already complained of in the Previous Action; and 2) if not, could they have been? Based upon the Complaint, the answer to both questions is "yes."

Significantly, it is specifically noted in the Order of Judgment that ***Plaintiffs elected not to bring nuisance claims against WHITTEMORE notwithstanding that the evidence they presented pertained to nuisance***:

> "At trial, Plaintiffs' counsel conceded they were not bringing nuisance claims, only claims for trespass …. Plaintiffs presented evidence of various intrusions or interference with the use of their land.  Some of these pertain to light or noise, and therefore do not amount to trespass [citation] (excessive noise or light intrusion may be nuisance, but is not trespass)."

Complaint Exh. "A" at 9:7-23.

3

It is alleged in the Complaint, in support of Plaintiffs' Count I for private nuisance, that "During the night of February 13-14, 2013, immediately following the Court's announcement of its verdict at that trial (in the Previous Action), Defendant entered Plaintiff's property on 8 different occasions late at night and into the early morning hours … and rang the Cardenas doorbell and ran without waiting for anyone to open the door." Complaint ¶22. At a different point in the Complaint it is alleged, in support of Plaintiffs' Count II for trespass, that the same transgression occurred "during the night and early morning hours of February 12-13, 2013." Complaint ¶40.  Whatever the case may be, what is significant is that the alleged acts of nuisance and trespass allegedly occurred before the Court in the Previous Action issued its March 11, 2013 Order of Judgment – *i.e,* during the time this Court retained jurisdiction over the case.  Clearly, Plaintiffs either complained about these acts in the Previous Action or could have.

In response to the alleged February 13-14 incident, Plaintiffs sought and obtained from the San Diego County Superior Court injunctive relief based upon the very same allegations of trespass and nuisance (*i.e.,* entering Plaintiffs' property and ringing the doorbell following the February 13 ruling in the Previous Action) that are now complained of in the Complaint.  *See* Complaint ¶13.On February 14, 2013, the Superior Court issued a Temporary Restraining Order in an action initiated by CARDENAS styled *Cardenas v. Whittemore,* Case Number 37-2013-00034647-CU-HR-CTL ("Cardenas Superior Court Case").  Complaint ¶14.  On April 19, 2013, after a hearing on the aforementioned case, the Superior Court provided CARDENAS with injunctive relief in the form of a Civil Harassment Restraining Order against WHITTEMORE. Complaint ¶15 and Exh. "B" [Civil Harassment Restraining Order].  The Civil Harassament Restraining Order remains in full force and effect.  *See id.*

Plaintiffs allege correctly that "[O]n April 18, 2013 … Defendant (WHITTEMORE) filed an application for a restraining order against (CARDENAS) in an action known as *Whittemore v.*

*Cardenas*, San Diego Superior Court Case No. 37-2013-00034647-CU-HR-CTL (the "Whittemore Superior Court Case"), alleging that Plaintiffs' outdoor lights constituted civil harassment against Defendants." Complaint ¶16. The basis of the Whittemore Superior Court Case was that CARDENAS on multiple occasions, including the night of February 13, was shining bright exterior lights directly into WHITTEMORE's residence at all hours of the night and aiming video cameras at WHITTEMORE's property.

As pled in the Complaint, on June 19, 2013 Plaintiffs chose to settle the Whittemore Superior Court Case by way of "agreement" (*i.e.,* contract) (the "June 19 Agreement"). Complaint ¶ 17. Half of the terms of the June 19 Agreement are set forth in a letter of from WHITTEMORE's counsel Bradley L. Jacobs ("Jacobs") to Plaintiffs' counsel William Miltner ("Miltner"). Complaint ¶ 17 and Exh. "C" [Letter of June 19, 2013]. The letter makes specific reference to "Dr. Cardenas' representations contained in a separate letter" that is not attached as an exhibit to the Complaint. *See* Complaint Exh. "C." Notwithstanding Plaintiffs' telling omission of the "separate letter" from CARDENAS  to WHITTEMORE, from their pleading it is evident that their contractual resolution of the Whittemore Superior Court Case was preceded by a mutually negotiated exchange of promises.

As pled in the Complaint, pursuant to the June 19 Agreement WHITTEMORE agreed to dismiss the Whittemore Superior Court Case. The terms of the Agreement include maintenance of the "status quo" with respect to exterior lighting, and WHITTEMORE refraining from photographing the Cardenas property. *Id.* Accordingly, the June 19 Agreement effectively resolves all matters between the parties to the instant action relating to lighting, video cameras, and photography and also provides a contractual remedy for future breaches.

///

///

**II.**

**ARGUMENT**

**A.**      **The Applicable Legal Standard**:

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Black,* 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989).  However, conclusory allegations, unreasonable inferences and unwarranted deductions of fact are insufficient to avoid a Rule 12(b)(6) dismissal.

While a "complaint need not contain detailed factual allegations … it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**B**.     <u>**Plaintiffs' Claims Are Barred Under Doctrine Of Res Judicata**</u>:

    i.     <u>**Applicable Law Re. Rule Against Splitting Causes Of Action**</u>:

"California's res jus judicata doctrine is based upon the primary right theory."  *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904.  "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.]"*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681.  "As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.  [Citatation.] ***It must therefore be distinguished from the legal theory on which liability for that injury is premised***: 'Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.'"  [Emphasis added.]  *Id.* at 681-682.  Accordingly, if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.  *Tensor Group v. City of Glendale* (1993) 14 Cal.App.4th 154, 160.

Under the doctrine of res judicata, "all claims based on the same cause of action must be decided in a single suit; ***if not brought initially, they may not be raised at a later date***. '[Claim preclusion] precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief.'"  [Emphasis added.] *Mycogen Corp. v. Monsanto Co., supra,* 28 Cal.4th at 897 (citing *Weikel v. TCW Realty Fund II Holding Co.* (1997) 55 Cal.App.4th 1234, 1245); see also *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202 ("[P]rior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable").  A predictable doctrine of res judicata benefits both the parties and the courts because it "seeks to curtail multiple litigation causing vexation and expense to the

parties and wasted effort and expense in judicial administration." *Mycogen Corp. v. Monsanto Co., supra,* 28 Cal.4th at 897 (citing 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 280, p. 820).

### ii.   <u>Plaintiffs' Claims Pre-dating March 11, 2013 May Not Be Raised In This Action</u>:

As alleged in the Complaint, and as indicated by the attached Exhibit "A" [Order of Judgment], during the lengthy period of time before March 11, 2013, when the Court issued its Order of Judgment, and had  jurisdiction over the Previous Action, nothing prevented Plaintiffs from bringing the very same claims they are now attempting to litigate in this new action. In fact, as indicated by the Complaint in the Previous Action  and the Order of Judgment  they *did,* albeit styled as different causes of action.

The alleged basis of the instant action for "private nuisance" (Counts I and II) is, in significant part, "acts (which) occurred *prior to the previous federal court judgment and were in evidence in the previous federal court trial ....*"  [Emphasis added,] Complaint ¶ 28; *see* DRJN Exh. "A" ¶29; Complaint Exh. "A" [Order of Judgment] at 9:7-23 ("At trial ... Plaintiffs presented evidence of various intrusions or interference with the use of their land. Some of these pertain to light or noise ...."). These are the very same claims that Plaintiffs are attempting to re-litigate in the instant case, specifically: taking photographs of Plaintiffs' property; flashing outdoor lights; playing loud rock music at night; and banging trash cans loudly.  *See* Complaint ¶ 28 at a, b, c, d, and e.

This begs the obvious question, what possible justification can there be for Plaintiffs' instant attempt to re-litigate claims that by their own admission were "in evidence" in the concluded Previous Action?  Plaintiffs failed to obtain the relief they sought in the prior federal case because they framed their claims for nuisance as claims for "trespass" (*see* Complaint Exh. "A" at 9:7-23) and/or simply neglected to pursue all the claims they had. Now they are attempting to make up for their own mistake by suing Defendant for "nuisance" and "trespass" based upon a

set of factual allegations that either were presented to this Court in a prior action, or *could have been*. Accordingly, pursuant to the applicable law, as set forth *supra*, Plaintiffs are barred from raising their putative "nuisance" and "trespass" claims against WHITTEMORE in this action.

### iii.   <u>Plaintiffs' Remaining Claims Are Precluded By The State Court Actions</u>:

The Complaint also alleges the following conduct by WHITTEMORE:

● During the night of February 13-14, 2013 WHITTEMORE entered Plaintiffs' property on eight occasions (Complaint ¶¶ 22, 40 [alleging this occurred on February 12-13]):

-  This claim is precluded because, as pled in the Complaint, Plaintiffs sought to have it adjudicated by the San Diego County Superior Court, which granted them injunctive relief based upon this specific alleged conduct.  Complaint ¶¶13-15 and Exh. "B." Furthermore, at the time the alleged trespass onto Plaintiffs' property occurred this Court had not yet issued its Order of Judgment and, as such, it retained jurisdiction over Plaintiffs' "trespass" claims against WHITTEMORE.  Plaintiffs' trespass claims arising from the alleged February 13-14 conduct could readily have been brought up in the Previous Action which had not yet been terminated. Having failed to do so, and having submitted their "trespass" claim to the jurisdiction of the state court, Plaintiffs are barred from litigating it in this later-filed action.

● Defendant's alleged use of photography to "deprive Plaintiffs of the quiet enjoyment of their property," including on the night of June 29, 2013 (Complaint ¶¶ 26, 27):

-  This is clearly covered by the June 19 Agreement which, in settling the Whittemore Superior Court Case, resolves any and all disputes relating to WHITTEMORE photographing Plaintiffs' property up to June 19.  With respect to the alleged photography on June 29, Plaintiffs' have chosen a contractual remedy within the context of a state court action vis-à-vis breaches of the June 19 Agreement pertaining to Defendant allegedly photographing Plaintiffs' property.  If anything, Plaintiffs have a possible claim for breach of contract against WHITTEMORE in state

court(see discussion *infra*.). Their instant "nuisance" claim against WHITTEMORE based on his alleged photographing of their property, which is barred under the litigation privilege in any event (see discussion *infra*.) is, however, vexatious, costly and pointless multiple litigation.

●  Purportedly "frightening" Plaintiff MACHELLE CARDENAS' 65 year old uncle (Complaint ¶28a.):

- MACHELLE CARDENAS' uncle is not a party to this litigation and, therefore, has no claim for damages.

●  Allegedly ringing Plaintiffs' doorbell on the night of June 29, 2013, as observed by "Plaintiffs' handyman":

-  As alleged, Plaintiffs were granted a Civil Harassment Restraining Order against WHITTEMORE by the San Diego Superior Court enjoining this specific behavior.  Complaint ¶15 and Exh. "B." Accordingly, the claim is properly brought before the state court as an action for violation of the Civil Harassment Restraining Order, as opposed to this Court.

**C.** **Plaintiff's Claims Are Barred Under The Doctrine Of Collateral Estoppel**:

    **i.** **The Applicable Law Re. Collateral Estoppel**:

"[U]nder the doctrine of collateral estoppel, a judgment in a prior action between the same parties operates to preclude relitigation of those issues which were actually litigated and determined in the first action."  *Carroll v. Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 490 (citation omitted).  "[A] federal court considering whether to apply issue preclusion based on a prior state court judgment must look to state preclusion law"  *McInnes v. California,* 943 F.2d 1088, 1092-93 (9th Cir.1991).  In California, the elements of collateral estoppel are: "1) the issue necessarily decided in the previous proceedings is identical to the one that is sought to be relitigated; 2) the previous proceeding terminated with a final judgment on the merits; and 3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the

previous proceeding." *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4[th] 1194, 1201 n.1.  An "issue," as the term is applied to collateral estoppel, "includes *any legal theory or factual matter which could have been asserted in support of or in opposition to the issue which was litigated*." [Emphasis added.]  *Border Bus. Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4[th] 1538, 1566-67.  Moreover, "for purposes of issue preclusion, as opposed to res judicata, final judgment includes *any* prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded preclusive effect." *Id.*

  **ii.**  **Plaintiffs Are Precluded From Re-Litigating Previously-Adjudicated Issues**:

   Plaintiffs now ask this Court for essentially the same relief that they have been granted in two prior actions -- the Previous Action and the Cardenas Superior Court Case. As previously discussed, the issue of whether WHITTEMORE's alleged conduct pre-dating March 11, 2013 constituted a "nuisance" could and should have been adjudicated by this Court in the Previous Action. In fact the issue *was* effectively adjudicated.  *See* Complaint Exh. "A" at 9:7-23.  The issue of whether WHITTEMORE's alleged "trespass" warranted injunctive relief was adjudicated in the Cardenas Superior Court Case (*see* Complaint Exh. "B") wherein the Superior Court issued an Order that pertains to WHITTEMORE's trespassing conduct predating the order and going forward. Basically, Plaintiffs have no argument that there is anything left for this Court to adjudicate.

**D**.  **Plaintiffs' Futile Attempt To Plead Around Res Judicata And Collateral Esoppel:**

   Defendant does not dispute that when considering motions to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true.  However, as is well established in this Circuit, the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a) does not, "invite plaintiffs to use clever omissions (*i.e.,* omitting half of the June 19 Agreement from their pleading of fact) and cynical pleading practices to overcome otherwise valid

1   motions to dismiss."   *McHenry v. Renne*, 84 F.3d 1172, 1177 (9ᵗʰ Cir. 1996).   Plaintiffs'

2   Complaint does exactly that.

3          Plaintiffs attempt to evade the obvious bars to their case by relying upon what they

4   apparently believe is clever pleading.  They include a section in their Complaint entitled "Limited

5   Significance of Previous Actions."  Complaint at 7:22.  Simply pleading the "limited significance"

6   of the previous actions does not, however, make it so as a matter of law. All that this accomplishes

7   is to highlight Plaintiff's concern about the preclusive effects of the previous actions as is vividly

8   demonstrated by their transparently self-conscious attempt to plead around the fatal flaws in their

9   Complaint.

10          20.   Plaintiffs allege these related actions in that (1) Plaintiffs do not intend

11          by this action to re-litigate the trespassing cause of action that was decided

12          by this Court on February 14, 2013 and do not intend to re-litigate the civil

13          harassment cause of action that was decided by the state court on April 18,

14          2013; (2) the matter decided in those prior judgments is res judicata between

15          the parties; (3) neither of those judgments resolved Defendant's (sic.) cause

16          of action for nuisance based upon Defendants conduct for the three years

17          prior to this Complaint; (4) neither of those judgments resolved Defendant's

18          (sic.) cause of action for trespass to real property based upon Defendant's

19          actions from and after February 14, 2013; (5) the restraining order imposed

20          by the state will expire on April 19, 2014 and protects only the persons

21          named therein; and (6) neither of the foregoing judgments and remedies

22          have been sufficient to prevent further actions by Defendant depriving

23          Plaintiffs of the quiet enjoyment of their real property as alleged herein.

24          Complaint ¶20.

25          In response: (1) Plaintiffs' "intent" not to re-litigate previous cases is irrelevant – what

26   matters are the pleadings and the judicially-noticeable facts, all of which indicate that Plaintiff's

27   claims are barred by res judicata and collateral estoppel; (2) Plaintiffs acknowledge that the

28   matters previously decided are "res judicata; (3) as shown, the claims and issues relating to

     Plaintiff's putative cause of action for nuisance "based upon Defendants conduct for the three

     years prior to (the) Complaint" were either litigated in the previous actions or could have been; (4)

Plaintiffs sought and were granted injunctive relief by the Superior Court based upon WHITTEMORE's alleged trespassing conduct from and after February 14, 2013, and his future conduct is enjoined by the Superior Court which retains jurisdiction over the enforcement of its own restraining order; (5) Plaintiffs have the option of seeking extension and/or amendment of the restraining order rather than attempting to invoke concurrent jurisdiction; (6) Plaintiffs already have a remedy for WHITTEMORE's "further actions," – *i.e.,* enforcement by the state court of its restraining order as well as the contract remedy they have agreed to.

E.      **Defendant's Alleged Photographing Of Plaintiffs' Property Is Privileged Conduct:**

As shown, Plaintiffs' claims relating to WHITTEMORE's photographing of their property are barred under the res judicata and collateral estoppel doctrines.  Even if this were not the case, however, the alleged conduct is protected by the California Civil Code section 47, subdivision (b) litigation privilege (hereinafter "litigation privilege").  More particularly, WHITEMORE's alleged photograph taking activities are protected under litigation privilege doctrine as "preparatory" to petitioning activities.

Plaintiffs make the broad, vague and self-serving claim that "[N]othing in this Complaint is intended to seek any recovery from Defendant based upon Defendant's statements or promises made in the course of the various civil actions and civil harassment proceedings, all of which Plaintiffs understand to be protected by the litigation privilege and by Defendant's rights of free speech." Complaint ¶19.  The problem with this claim, however, is that Plaintiffs are in fact suing WHITTEMORE based upon his protected free speech and litigation privileged activity, specifically WHITTEMORE's photographing conduct in the obvious context of litigation. This is demonstrated by the fact that Exhibit E to the Complaint [photos of Defendant purportedly photo graphing Plaintiffs' property] was an actual Trial Exhibit in the Previous Action.  *See* DRJN Exh. "B" [Plaintiff's Exhibit List for Trial in the Previous Action, docket entry 109, Exhibit numbers

134 and 135, both styled, "Photographs of Whittemore and Assistant on Ladder Leaning Over Cardenas Deck and Taking Photographs"].

The California Supreme Court has clearly defined the elements of the litigation privilege: it applies to any communication, "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241.  The privilege immunizes defendants in any tort action, with the exception of malicious prosecution.  *Silberg v. Anderson* (1990) 50 Cal.3d 205, 215-216.

As explained by the Court in *Rusheen v. Cohen* (2006) 37 Cal.4th 1048:

> 'Although originally enacted with reference to defamation [citation], the privilege is now held applicable to any communication, whether or not it amounts to a publication [citations] and all torts except malicious prosecution. [Citations.]  Further, it applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved. [Citations.]' ….
> '[c]ommunications with "some relation" to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege [citation].  It is not limited to statements made during trial or other proceedings, but may extend to steps taken *prior thereto or afterwards*. [Citation.] [Emphasis added.]

*Rusheen v. Cohen*, 37 Cal.4th 1048 at 1057.

Plaintiffs simply have no argument that WHITTEMORE's alleged photographing of their property was not done "in relation" to judicial proceedings.  The obvious absurdity of Plaintiffs 'recycled' claims relating to WHITTEMORE photographing their property is demonstrated by the fact that they used some of very same photographs upon which Plaintiffs base their allegations in this case as 'proof' of their claims in the Previous Action.

///

**F.** **Plaintiffs'Tort Claims Are Barred By Their Choice Of A Contract Remedy**:

The terms of the "oral agreement" pursuant to which Plaintiffs and Defendant agreed to settle the Whittemore Superior Court Case are, as it relates to Plaintiffs rights, either set forth in the June 19, 2013 letter attached as Exh. "C" to the Complaint, or can be reasonably inferred from it.   WHITTEMORE agreed, in exchange for *reciprocal* promises from CARDENAS, to: "…maintain the status quo as of today's date of the exterior lights along the Whittemore/Cardenas property line in exchange for Dr. Cardenas' representations contained in a separate letter. Mr. Whittemore will dismiss the pending TRO application without prejudice, each side to bear their own fees and costs. … This status quo will be maintained by Mr. Whittemore so long as he owns the property. Based on the aforementioned, Mr. Whittemore will further cease photographing the Cardenas property."   Plaintiff's remedy for WHITTEMORE's alleged conduct that violates the terms of the Agreement is, therefore, an action for breach of contract as opposed to an action in tort.

Plaintiffs have sued WHITTEMORE for "nuisance" and have sought an award of punitive damages based upon alleged conduct, *inter-alia,* photographing of Plaintiffs' property, that clearly falls under the ambit of the oral agreement. California cases take a narrow view of a plaintiff's right to recover tort damages for a claim that arises from the breach of an underlying contract. *See Erlich v. Menezes* (1999) 21 Cal.4th 543; *Freeman & Mills, Inc. v. Belcher Oil Co.* (1995) 11 Cal.4th 85; *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654.  More specifically, under California law, Plaintiffs cannot recover in tort for the breach of a contractual duty – *i.e.,* to refrain from photographing their property.  *See Aas v. Superior Court* (2000) 24 Cal.4th 627, 543 ("[A] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations").  Instead, "[c]ourts will generally enforce the breach of contractual promise through contract law, except when (as is not the case here) the actions that constitute the breach violate a

1   social policy that merits the imposition of tort remedies." *Erlich v. Menzes*, 21 Cal.4th at 552

2   (quoting *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th at 107).

3          Plaintiffs do not plead an independent obligation that is separate and distinct from any

4   contractual duty and therefore permits the recovery of tort damages. Accordingly, Plaintiffs should

5   be required to seek their remedy in a breach of contract suit against WHITTEMORE, if anything.

6

7                                           **IV.**

8                                    <u>**CONCLUSION**</u>

9          For the foregoing reasons, WHITTEMORE respectfully requests that the Court dismiss

10  Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

11

12  Dated: September 26, 2013                    BRADLEY L. JACOBS, ATTORNEY AT LAW APC

13

14                                             <u>   /s/ Bradley L. Jacobs</u>
                                               Bradley L. Jacobs
15                                             Attorneys for Defendant ROBERTSON
                                               WHITTEMORE.
16

17

18                              **CERTIFICATE OF SERVICE**

19  I HEREBY CERTIFY that on September 26, 2013, I electronically filed the foregoing with the

20  Clerk of Court using the CM/ECF system, which will send notifications of such filing to the

21  following:

22  William L. Miltner, Esq.
    Milter, Polk & Mench, APC
23  402 West Broadway, Ste 800
    San Diego, CA 92101
24

25  And served via U.S. Mail, first class, postage prepaid and addressed as follows:
    n/a
26

27  Dated: September 26, 2013                            <u>/s/ Bradley L. Jacobs</u>

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT