William L. Miltner, Esq.
Walter E. Menck, Esq.
**MILTNER POLK & MENCK, APC**
Emerald Plaza
402 West Broadway, Suite 800
San Diego, California 92101
Telephone (619) 615-5333
Telefax (619) 615-5334

Attorneys for Plaintiffs JOSEPH CARDENAS and MACHELLE CARDENAS, and EL PASEO GRANDE, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARDENAS and MACHELLE CARDENAS, individuals; and EL PASEO GRANDE, LLC, an Arizona limited liability company,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ROBERTSON WHITTEMORE, an individual and DOES 1-10, inclusive;<br><br>　　　　　Defendants. | Case No.: 13-cv-01720-LAB-KSC<br><br>USDC Judge: The Hon. Larry Alan Burns<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date:　　November 25, 2013<br>Time:　　11:15 am<br>Crtrm:　　14A (annex) |

///
///
///
///
///
///
///
///

## TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) ............................. 1

  I.    INTRODUCTION ............................................................ 1
  II.   STANDARD OF REVIEW FOR FRCP 12(b)6 MOTION ..................... 2
  III.  RES JUDICATA DOES NOT BAR PLAINTIFF'S CLAIMS ................. 2
  IV.   WHITTEMORE'S CONDUCT IS TEMPORALLY AND FACTUALLY
        DISTINCT FROM THE PREVIOUS LAWSUIT ............................. 3
  V.    ONGOING WRONGFUL CONDUCT IS ACTIONABLE ..................... 5
  VI.   STATE COURT ACTIONS DO NOT PRECLUDE ANY CLAIMS ........... 6
  VII.  COLLATERAL ESTOPPEL DOES NOT BAR ANY CLAIMS ............... 7
  VIII. THE ISSUE OF PRIVILEGE REQUIRES AN EVIDENTIARY HEARING .... 7
  IX.   PLAINTIFFS' HAVE NOT ENTERED INTO AN ORAL AGREEMENT
        WAIVING ANY CLAIMS AS ALLEGED BY THE DEFENDANT ........... 7
  X.    CONCLUSION .............................................................. 8

## TABLE OF AUTHORITIES

**CASES**                                                                                             **PAGE**

*Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 691 (9th Cir. 2007). .................. 3

*Cmtys. For a Better Environment v. Cenco Ref Co.*, (2001) 180 F. Supp 2d 1062, 1073 .. 2, 7

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) ............. 3

*Frank v. United Airlines, Inc.*, 216 F.3d 845, (9th Cir. 2000) ........................ 5

*Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 686
    (9th Cir. 2005) ............................................................. 2, 5, 7

*Hells Canyon*, 403 F.3d 683, 690-91. .................................................. 5

*In re Germansen Decorating, Inc.*, 149 B.R. 522, 526 (Bankr. N.D. Ill. 1993) ......... 2, 7

*Int'l Techs. Consultants v. Pilkington PLC*, 137 F.3d 1382, 1388 (9th Cir. 1998) ........ 3

*Int'l Techs. Consultants v. Pilkington PLC*, 137 F.3d 1382, 1388 (9th Cir. 1998)
    citing *Harkins*, 890 F.2d at 183 ............................................... 5

*Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 n.4 (9th Cir. 1988)
    (abrogated on other grounds) ..................................................... 2

*Kirkland v. Legion Ins. Co.* (2003) 343 F3rd 1135 ................................... 4

*Lahn v. Structural Pest Control* (1955) 135 CA2 289 (overruled on other grounds) ...... 4

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) ..... 2, 7

*Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064,
    1076 (9th Cir. 2003) ............................................................. 3

*U.S. Fid. & Guaranty v. Lee Invest. LLC*, (2008) U.S. Dist Lexis 99974 ................ 4

*Western Sys. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) ............................ 3


**STATUTES AND CODES**

California Code of Civil Procedure § 526.7(u) ........................................ 6

Fed. R. Civ. P. 8(c) ................................................................. 2

Fed. R. Civ. P. 12(b)(6) ......................................................... 1, 2, 7

Plaintiffs JOSEPH CARDENAS, MACHELLE CARDENAS, and EL PASEO GRANDE, LLC (hereinafter "Plaintiffs") submit the instant Opposition to the Motion to Dismiss Pursuant to FRCP 12(b)(6) filed by Defendant ROBERTSON WHITTEMORE (hereinafter "Defendant").

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Complaint alleges causes of action for nuisance, injunction against nuisance, trespass to real property and injunction against trespass. The Complaint adequately alleges specific factual support for each of these causes of action. The Defendant's Motion does not eliminate any of these claims.

The Motion contends that to the extent the claims could have been brought in the Previous Lawsuit, they are waived or barred. [Defendant's Motion to Dismiss 1:12-19]. It claims the causes of action are improperly split between this case and the Previous Lawsuit. [Motion 7:9-16]. It incorrectly argues that the doctrines of res judicata and collateral estoppel bar the instant claims even though the continuing wrongful conduct occurred after the Oral Verdict in the Previous Lawsuit. [Motion 10:16-13-8].

The Motion's fundamental flaw is that it misconstrues the date of this Court's Verdict in the Previous Lawsuit. The Honorable Judge Burns provided a summarized Oral Verdict in front of all parties on February 13, 2013. That the Order of Judgment was published at a later date is irrelevant for purposes of cutting off the Plaintiffs' rights. The Motion's reliance on the operative date of March 11 when the Order of Judgment was published, instead of February 13 when it was announced, is misguided.

It is precisely because the Defendant's wrongful conduct escalated in response to Judge Burns Oral Verdict on February 13 that these claims became necessary. The Plaintiffs could not have added any of these claims to the Previous Lawsuit after February 13 because that is when Judge Burns rendered his verdict. Consequently, the wrongful conduct perpetrated by the Defendant on the night of February 13 and after it, necessarily and properly are alleged in this lawsuit.

///

## II. STANDARD OF REVIEW FOR FRCP 12(b)6 MOTION

The plaintiff has failed to state a claim upon which relief can be granted only if the complaint does not adequately plead some theory upon which the plaintiff could recover. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and In re Germansen Decorating, Inc., 149 B.R. 522, 526 (Bankr. N.D. Ill. 1993). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. Generally, a district court may not consider any material beyond the pleadings in ruling on a Fed. R. Civ. P. 12(b)(6) motion. Cmtys. For a Better Environment v. Cenco Ref Co. (2001) 180 F. Supp 2d 1062, 1073.

## III. RES JUDICATA DOES NOT BAR PLAINTIFF'S CLAIMS

Whittemore's wrongful conduct after Judge Burn's Oral Verdict on February 13 are actionable here. The elements necessary to establish res judicata are (1) an identity of claims between the first and second actions, (2) a final judgment on the merits in the first action, and (3) privity between the parties of the first and second actions. Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 (9th Cir. 2005). Because res judicata is an affirmative defense, the burden is on Defendants, as the parties asserting it, to prove all of its elements. See Fed. R. Civ. P. 8(c); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 n.4 (9th Cir. 1988) (abrogated on other grounds).

The parties do not dispute that this Court's Oral Verdict in the previous case was a final judgment by a court of competent jurisdiction. Nor do they dispute that the present case involves the same parties in privity. Thus, the only disputed element of res judicata is whether the prior case share an identity of claims with the present case.

Whether there is an identity of claims depends on four factors, the first of which is the most important, namely: (1) the two cases arise out of the same transactional nucleus of facts; (2) the

1  rights or interests established in the prior judgment would be destroyed or impaired by prosecution
2  of the second case; (3) substantially the same evidence is presented in the two cases; and (4) the two
3  cases involve infringement of the same right. Costantini v. Trans World Airlines, 681 F.2d 1199,
4  1201-02 (9th Cir. 1982). Because Whittemore's wrongful conduct occurred after Judge Burns
5  Verdict on February 13, 2013, it does not arise out of the same transactional nucleus of facts.

6  Prior rights were not destroyed or impaired by this Complaint because he trespassed and
7  caused an actionable nuisance on the night after Judge Burns Verdict. Additional evidence will be
8  presented of Whittemore's subsequent conduct in the form of videos, police testimony and reports.
9  After February 13, 2013, Whittemore infringed on different rights of the Cardenas family than those
10 resolved by the Verdict on February 13. Those rights include the right to be free from trespasses
11 and nuisances perpetrated by Whittemore after February 13.

## IV. WHITTEMORE'S CONDUCT IS TEMPORALLY AND FACTUALLY DISTINCT FROM THE PREVIOUS LAWSUIT

14  Claims arise from the same transactional nucleus of facts where the same "transaction, or
15 series of transactions" could give rise to both claims, often shown by the similarity of the allegations
16 in the prior and current pleadings. See Western Sys. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992);
17 Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 691 (9th Cir. 2007). A later claim arises from
18 a different transactional nucleus of facts where the later claim alleges "new injuries caused by new
19 acts" of the defendant. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regal Planning Agency, 322
20 F.3d 1064, 1076 (9th Cir. 2003). To avoid being barred by res judicata, a claim must allege new
21 injuries caused by new acts done "subsequent to the last date alleged in the prior adjudication."
22 Intel Tech. Consultants v. Pilkington PLC, 137 F.3d 1382, 1388 (9th Cir. 1998). The new claim can
23 not simply allege injuries or "damages from subsequent consequences of the earlier conduct." Id.

24  The Complaint alleges that on February 13, 2013, Whittemore lost a civil trial to Dr.
25 Cardenas in United States Federal Court before the Honorable Judge Burns. *[See, Exhibit A,*
26 *Plaintiffs' Table of Exhibits in Support of Opposition to Defendant's Motion to Dismiss ("Table of*
27 *Exhibits") filed concurrently herewith.]*. Whittemore was found liable for trespass among other
28 issues. Judge Burns announced his Oral Verdict in open court before the parties. *[See, Exhibit B,*

*Plaintiffs' Table of Exhibits.]*

Judge Burns Oral Verdict on February 13 was a final judgment. A final judgment is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. The purpose of the finality requirement is to avoid piecemeal appeals. Kirkland v. Legion Ins. Co. (2003) 343 F3rd 1135. A final judgment is one that finally disposes of all claims by all parties. U.S. Fid. & Guaranty v. Lee Invest. LLC (2008) U.S. Dist Lexis 99974. Recitals in a judgment are presumed true to be true and correct unless contradicted by other parts of the record. Lahn v. Structural Pest Control (1955) 135 CA2 289 (overruled on other grounds).

In it, His Honor made clear that Whittemore was liable for trespass with nominal damages. He advised that he believed it would be enough to prevent Whittemore from engaging in such conduct in the future. His Honor ultimate ruled as follows after providing the Oral Verdict with respect to Whittemore's conduct:

> "With the award of nominal damages, he has had the proverbial shot fired across his bow. The Court's findings of trespass will make it difficult for him to argue that any future intrusions are innocent or the product of mistake. In light of the Court's findings and award, future trespasses or similar torts would seem more blameworthy and intentional, making it likely he would be...subject to punitive damages. In the Court's view, this is enough of a deterrent to make an injunction unnecessary." *[See, Exhibit C, Plaintiffs' Table of Exhibits.]*

So, on February 13, Judge Burns believed the Oral Verdict would be enough of a warning for Whittemore to cease his wrongful conduct. His Honor clearly did not intend that Whittemore would be free from liability should Whittemore trespass or create a nuisance again as he subsequently stated in the Finding of Fact published on March 8, 2013. In fact, His Honor expressly stated Whittemore would be blameworthy for intentional acts and subject to punitive damages after that date. There is no legitimate interpretation of the law that would provide Whittemore with a safe harbor allowing him to trespass or create a nuisance with impunity after February 13.

Whittemore is liable for the alleged conduct he perpetrated after Judge Burns Verdict on February 13. After midnight on February 13, as it became February 14, 2013, Whittemore repeatedly

trespassed onto the Plaintiffs' property. As alleged in the complaint, police eventually found him "very upset," after the court case earlier that day. Video images show Whittemore ringing the Plaintiffs' doorbell, yelling and retreating to his house between midnight and 2:00 am. [Decl of William L. Miltner]

Unknown to Whittemore, the police were inside the Plaintiffs' house when Whittemore did it again. The police then hid outside the Plaintiffs' residence and caught Whittemore red handed. All of this conduct is alleged in the current complaint and could not have been alleged in the Previous Lawsuit because it occurred after Judge Burns rendered his Oral Verdict on February 13.

## V.    ONGOING WRONGFUL CONDUCT IS ACTIONABLE

It is elementary that new violations may be alleged after the date covered by decision or settlement of claims for an earlier period. The continuation of conduct under attack in a prior suit is generally held to give rise to a new cause of action. By virtue of the first action, the defendants did not acquire immunity in perpetuity from all legal violations. Intel Tech. Consultants v. Pilkington PLC, 137 F.3d 1382, 1388 (9th Cir. 1998), citing Harkins, 890 F.2d at 183.

In dealing with the temporal aspect of a res judicata claim, courts provide a distinction. In *Hells Canyon*, part of the reason the two claims were different was because they were temporally disconnected: the 1992 NEPA claim had to do with what the Forest Service did leading up to the change of the trails location, while the 2002 Wilderness Act claim had to do with facts in existence after the movement of the trail. *Hells Canyon*, 403 F.3d 683, 690-91.

Frank v. United Airlines, Inc., 216 F.3d 845, (9th Cir. 2000), illustrates the temporal distinction between subsequent claims. The Ninth Circuit held that the subsequent suit was not barred by res judicata, because: (1) "A claim arising after the date of an earlier judgment is not barred, even if it arises out of a continuing course of conduct that provided the basis for the earlier claim," and (2) because the airline changed its weight policy in 1980, the suit arose from a different maximum weight requirement than the 1979 suit and therefore arose from a different transactional nucleus of facts. The wrongdoing, even though part of an alleged course of conduct, was temporally distinct. Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 (9th Cir. 2005).

Judge Burns expressly intended his verdict to be a warning to Whittemore to stop trespassing. Instead, it had the opposite effect. That very night Whittemore ignored the warning and engaged in conduct necessitating police intervention at the Cardenas' residence. His refusal to stop on the same day of the verdict sent a message from Whittemore to the Cardenas family.

That message was that Whittemore did not care about a federal judge finding him liable for trespass. His actions spoke louder than words. He intended to keep up with his campaign against the Cardenas family regardless of the Oral Verdict against him. Whittemore's conduct in the middle of the night immediately after Judge Burns admonished him is temporally distinct from the previous lawsuit.

## VI. STATE COURT ACTIONS DO NOT PRECLUDE ANY CLAIMS

The Defendant argues that Plaintiffs' claims are precluded by state court actions. [Motion to Dismiss 9:5 - 10:16]. There is no legal authority to support this argument. It is logically inconsistent with the restraining order issued by state Superior Court Judge Hartunian against Whittemore and in favor of the Cardenas' family.

California Code of Civil Procedure § 527.6 governs civil harassment restraining orders. Subsection (u) states, "This section does not preclude a petitioner from using other existing civil remedies." It is commonly the case that a petitioner obtains a TRO and Restraining Order against a petitioner followed by other civil or criminal proceedings. § 527.6 is not intended as a full and final remedy for aggrieved parties.

The motion states, "Plaintiff sought to have it adjudicated by the San Diego County Superior Court, which granted them injunctive relief based on this specific alleged conduct." [Motion to Dismiss 9:9-11]. It is true that the Plaintiffs obtained a temporary restraining order against Whittemore on February 14, 2013 followed by a full evidentiary hearing culminating on April 19, 2013. It is true that Judge Hartunian issued a Civil Harassment Restraining Order against Whittemore on April 19, 2013. However, none of these actions preclude any of the Plaintiffs' claims here.

///

///

### VII. COLLATERAL ESTOPPEL DOES NOT BAR ANY CLAIMS

Collateral estoppel is a similar concept to res judicata. The Plaintiffs previously addressed these issues in this Opposition which arguments are incorporated here by reference. The primary difference between res judicata and collateral estoppel is that the former only requires an identity of issues while the latter requires that identical issues were necessarily decided. Eg. Hells Canyon, *supra*. Whittemore's conduct could not have been previously adjudicated because Whittemore did not act out until after Judge Burns verdict was announced on February 13, 2013.

### VIII. THE ISSUE OF PRIVILEGE REQUIRES AN EVIDENTIARY HEARING

The Motion argues that photographing is privileged. Questions of fact are not appropriate for resolution here. Scheuer v. Rhodes, In re Germansen Decorating, Inc. and, Cmtys. For a Better Environment v. Cenco Ref Co. *supra*. The question of fact as to the nature and extent of any such privilege relative to Whittemore's photographing is not ripe for decision here. On a motion to dismiss, the allegations of the complaint must be accepted as true, and are to be construed in the light most favorable to the nonmoving party.

### IX. PLAINTIFFS' HAVE NOT ENTERED INTO AN ORAL AGREEMENT WAIVING ANY CLAIMS AS ALLEGED BY THE DEFENDANT

The Motion incorrectly argues that terms of an alleged oral agreement are, "...either set forth in the June 19, 2013 letter attached as Exh. C to the Complaint, or can be reasonably inferred from it." [Motion 15:2-6] It similarly argues that, "...any and all disputes relating to WHITTEMORE photographing Plaintiffs' property," were covered by the June 19 Agreement. [Motion 9:21-24]. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. Scheuer, *supra*.

The Motion's interpretation of the alleged agreement does not comply with the law. Plaintiff's complaint acknowledges the existence of the June 19 correspondence, but its terms are not subject to resolution without additional evidence. The document arguably refers to an oral agreement, but it does not refer to any waiver or release of any rights to litigate against Whittemore. There is no limitation of actions in it.

It is unlikely this document is an enforceable agreement. It is not a wholly integrated document with signatures manifesting an intent to be bound with mutual consideration. Its terms are uncertain. Regardless, it does not waive or release Whittemore from liability for nuisance, trespass or photographing the Cardenas family.

## X.  CONCLUSION

Defendant's Motion to Dismiss should be overruled. It is primarily based on a factual error about the date this Court rendered the Verdict in the Previous Lawsuit. The Motion incorrectly argues that March 11, 2013 sets the operative date. In fact, His Honor previously delivered the Oral Verdict on February 13, 2013. Judge Burns announced to all parties that Whittemore was liable for trespass. His Honor stated on the record that he believed it was a sufficient deterrent to prevent future trespasses by Whittemore.

The Verdict makes clear that Judge Burns did not intend that Whittemore would be shielded from liability for future trespasses and nuisances. There is no legal theory that shields him from such liability. Whittemore reacted to Judge Burns' Oral Verdict by trespassing multiple times during the middle of that same night. Neither the previous Oral Verdict nor the Previous Lawsuit could have included these claims because they had not happened yet. Res judicata, splitting causes of action, collateral estoppel, and waiver do not bar these claims.

In the event that this Court is inclined to sustain the Motion or any portion of it, the Plaintiff seeks leave to amend its complaint.

Respectfully submitted,

Dated: November 14, 2013            MILTNER POLK & MENCK, APC

By:  s/William L. Miltner
William L. Miltner, Esq.
Attorneys for Plaintiffs JOSEPH CARDENAS, MACHELLE CARDENAS, and EL PASEO GRANDE, LLC

G:\02350\006 - USDC Case\Motions\Opp to Motion to Dismiss 11.25.13\All documents to be filed on 11.08.13\P&A ISO Opp2.wpd