# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARDENAS, et al., | CASE NO. 13cv1720-LAB (KSC) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS; AND** |
| vs. | |
| ROBERTSON WHITTEMORE, | **ORDER DENYING AS MOOT MOTION TO STRIKE EVIDENCE** |
| Defendant. | **[Docket Numbers 5 & 6.]** |

**Background**

On February 13, 2013, the Court reached its verdict in *Cardenas v. Whittemore*, 10cv1808-LAB-KSC ("Prior Action"), in which Plaintiffs sought relief for trespass. The Court determined an injunction was unnecessary, and nominal damages were appropriate.

According to the Complaint, on the night of February 13, after the oral verdict was issued, Whittemore ("Defendant") trespassed on Plaintiffs' property, and rang the doorbell then fled before it was answered. He repeated this action eight times throughout the night. Plaintiffs' handyman claims that he saw Defendant taking photographs of Plaintiffs' property on June 29, and on this same night Defendant rang the doorbell twice more. Plaintiffs also allege that Defendant has been taking other photographs of Plaintiffs' property, with the intention of depriving them of the quiet use and enjoyment of their property.

/ / /

Around the same time, Plaintiffs sought and received a Temporary Restraining Order from the San Diego Superior Court. Defendant claims that the parties made an agreement in settlement of this restraining order claim on June 19, under which Defendant would orient his lights so they did not bother Plaintiffs, and also cease photography of Plaintiffs' property. In the present action, Plaintiffs sued for damages and an injunction based on claims of trespass to real property and private nuisance.

**Motions**

Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), claiming that (1) the present action is barred by either res judicata or collateral estoppel, because the claims were either previously adjudicated in the Prior Action, or Plaintiffs could have adjudicated them; (2) Defendant's alleged photography is privileged conduct related to litigation, and therefore not actionable; (3) the Temporary Restraining Order Plaintiffs requested constitutes a state action that shouldn't be overruled by federal action; and (4) Plaintiffs' tort claims are barred because they have the option to seek a contractual remedy, based on the contract made on June 19. Plaintiffs moved to strike evidence submitted in support of the motion.

**Motion to Dismiss:  Collateral Estoppel and *Res Judicata***

Defendant points out that final judgment was entered on March 11, 2013, and the alleged offending conduct took place before that. While true, this is beside the point. The Court announced its verdict on February 13, 2013, and Plaintiffs could not have amended their complaint to bring a new claim or to augment their existing claim based on later events. *See Kronkright v. Gardner*, 31 Cal. App. 3d 214, 217 (Cal. App. 2 Dist. 1973) (holding that a "prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable"); *Bridgeford v. Pac. Health Corp.*, 202 Cal. App. 4th 1034, 1042–43 (Cal. App. 2 Dist. 2012) (citing authority concerning collateral estoppel).

While the omplaint mentions Defendant's earlier actions, it does so in an effort to put the facts of this litigation into a logical historical context, and to urge the Court to balance the

/ / /

equities in their favor. The Complaint disclaims any remedy based on events that were the subject of the Prior Action. (Compl., ¶¶ 19–20.)

It should be noted that the Court, in its Order of Judgment against Defendant on March 11, specifically noted that the award of nominal damages was intended to be a warning, stating it was a "proverbial shot fired across his bow." (Compl., Ex. A.) The Court further noted that its "finding of trespass will make it difficult for him to argue that future intrusions are innocent or the product of mistake. In light of the Court's findings and award, future trespasses or similar torts would seem more blameworthy and intentional . . . ." (*Id.*) The Court contemplated that its judgment would serve as a warning to deter Defendant from future trespasses. If deterrence has failed, denying additional necessary relief would be inequitable.

Plaintiffs claim that Defendant's photography was intended to harass, and he in turn argues his photography was privileged.  These are factual questions not appropriate for adjudication on the pleadings alone. Defendant cites no legal authority that suggests the restraining order precludes further civil action, therefore previous state action doesn't preclude Plaintiffs' claim. Finally, the agreement between the two parties on June 19 does not limit Plaintiffs' freedom to pursue a remedy in tort law.

**Motion to Dismiss:  Privileged Conduct**

Defendant claims that his alleged photography of Plaintiffs' property is protected under litigation privilege doctrine. The litigation privilege applies to any communication that is made (1) in judicial or quasi-judicial proceedings; (2) by litigants or other authorized participants; (3) to achieve the objects of the litigation; and (4) that has some logical connection to the action. *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1241 (2007).

The motion to dismiss points out that one of the photographs, attached to the Complaint as Exhibit E, was used in connection with the Prior Action. But, as discussed, Plaintiffs are not bringing any claims based on earlier activity, even if that activity is mentioned in the omplaint. The photography at issue here occurred after the verdict in the

Prior Action had been announced, and even after entry of judgment in both state and federal cases. (Compl., ¶¶ 25–26.) The motion does not identify any other litigation-related purpose for the photography, and the Complaint alleges facts suggesting it was unrelated to any litigation. For example, Defendant is alleged to have taken photographs of Plaintiffs' deck repeatedly at night. Furthermore, the claim is not merely that Defendant took photographs, but rather that he did so in an unnecessarily bizarre and intrusive manner that amounted to a nuisance. Even assuming photography itself was privileged, the manner in which it was allegedly carried out was not. *See Cabanilla v. Wells Fargo Bank, N.A.*, 2013 WL 1633626, at *7 (Cal. App. 4 Dist. 2013) (citing *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 395–96 (Cal. App. 4 Dist. 1970)) ("Even if it could be said that defendants were asserting their legal rights in good faith, they were not privileged to do so in an outrageous manner.")

**Motion to Dismiss: No Review of State Action Available**

Defendant argues that the Temporary Restraining Order issued by the state court precludes Plaintiffs' claims because it was a final judgment that the parties settled afterwards, and Plaintiffs are seeking an injunction in federal court that would interfere with that state court ruling.

Under California law, a Temporary Restraining Order does not preclude a later civil suit. California Code of Civil Procedure § 527.6 governs restraining orders based on civil harassment, like the one sought by Plaintiffs, and subsection (u) of this code provides that petitioners may pursue other civil remedies.

This is not a review of a state court judgment, such as would deprive the Court of jurisdiction under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85 (2005) (holding that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Plaintiffs did not lose in state court; they won. And after they won, the parties entered into an agreement settling past claims. In

addition, they are not seeking review of any state court judgment. Nor does any abstention doctrine apply here, because there are no pending state court actions.

**Motion to Dismiss: Election of Remedies**

Defendant claims that Plaintiffs orally agreed to a contract in settlement of the court action granting the Temporary Restraining Order, memorialized by Exhibit C to the Complaint, in which Defendant agreed to leave his lights configured in a certain way, and to cease photographing Plaintiffs' property. Defendant contends that, by making this agreement, Plaintiffs relinquished their right to a remedy in tort, and instead must pursue a contractual remedy.

Exhibit C is letter signed by Defendant's counsel, agreeing to a particular arrangement of his lights, and agreeing not to photograph Plaintiffs' property. But even assuming this is part of an enforceable contract, the doctrine of election of remedies does not apply here.

Under California law, the doctrine is part of the doctrine of estoppel. *Commercial Centre Realty Co. v. Superior Court*, 7 Cal.2d 121, 129 (1936). It finds application when a party has elected one of two inconsistent remedies, and changing that election would prejudice the other party. *Id.* It has no application here, because Plaintiffs did not elect any remedy, either in state court or this Court, inconsistent with the remedies they seek here. Moreover, Defendant has not been prejudiced in any way.

Furthermore, even if election of remedies applied here, Plaintiffs would be entitled to amend their complaint to sue for breach of the settlement agreement instead of suing under a nuisance theory, and would be entitled to the same relief either way, and perhaps even greater relief under a contract theory. The agreement (assuming it is an enforceable contract) forbids any photography of Plaintiffs' property altogether. It does not address trespass, and certainly does not contemplate Defendant would be permitted to ring Plaintiffs' doorbell repeatedly at night.

**Motion to Strike Evidence**

Plaintiffs' motion asks the Court to strike any mention of the settlement agreement from the motion. Because the motion is being denied, this request is moot.

**Conclusion and Order**

For reasons discussed above, the motion to dismiss is **DENIED**, and the motion to strike evidence is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: September 11, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge