FILED

2015 JUL 16 PM 4:05

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY np DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSEPH CARDENAS and MACHELLE CARDENAS, individuals; and EL PASEO GRANDE, LLC, an Arizona limited liability company,

Plaintiff,

vs.

ROBERTSON WHITTEMORE, an individual, and DOES 1 through 10, inclusive,

Defendant.

CASE NO. 13cv1720-LAB (KSC)

**ORDER DENYING DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER**

[Doc. 41]

Before this Court is the defendant's *ex parte* Motion to amend the Scheduling Order. [Doc. 41] This Court's Scheduling Order set February 23, 2015, as the deadline for any motions to join parties or amend the pleadings. [Doc. 34, p. 1] In the instant Motion, the defendant moves to amend the Scheduling Order to permit him to seek leave of the District Court to file an amended counterclaim. *Id.* This Court has reviewed and considered the defendant's Motion, [Doc. 41], the plaintiffs' Response in opposition, [Doc. 43], and the defendant's Reply. [Doc. 41] For the reasons stated below, the defendant's Motion to amend the Scheduling Order is DENIED without prejudice.

//

**A. Parties' Arguments**

The defendant argues that good cause exists to amend the Scheduling Order because on May 22, 2015, he substituted in new counsel. [Doc. 41, p. 2] He argues that he should not be bound by the actions of his predecessor counsel – who filed a timely but purportedly incomplete counterclaim on October 3, 2014, *see* [Doc. 15] – because that counsel was appointed by his insurance carrier and was focused primarily on defending covered claims, not identifying and prosecuting counterclaims. [Doc. 44-2, p. 2] The defendant's newly-retained independent counsel states that as soon as he received the case file, he diligently began reviewing the file and quickly ascertained the need to file an amended counterclaim. [Doc. 44-1, p. 2]

The plaintiffs oppose the motion, arguing that the defendant has not shown the diligence necessary to support good cause to amend the Scheduling Order under Rule 16(b). [Doc. 43, pp. 3-4]

**B. Legal Standard**

District Courts have broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1988). Scheduling Orders are issued pursuant to Rule 16(b) of the Federal Rules of Civil Procedure to limit the time to join parties, amend the pleadings, complete discovery and file motions. FED. R. CIV. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In *Johnson*, the Ninth Circuit stated:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15. Unlike Rule 15's liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

> party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.

975 F.2d at 609 (internal citations omitted).

A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the deadlines set forth in the order. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Mere substitution of counsel is insufficient cause to amend a scheduling order. Under Ninth Circuit precedent, "a client is ordinarily chargeable with his [prior] counsel's negligent acts." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Courts must distinguish, however, between "a client's accountability for his counsel's neglectful or negligent acts – too often a normal part of representation – and his responsibility for the more unusual circumstances of his attorney's extreme negligence or egregious conduct." *Id.* Parties may be able to satisfy the "good cause" requirement of Rule 16(b)(4) when they can show that prior counsel's actions amounted to "gross negligence or abandonment." *See, e.g., Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 674 (C.D. Cal. 2003).

**C. Analysis**

The defendant has failed to meet his burden of showing diligence and good cause to support an amendment of the Scheduling Order under Rule 16(b)(4). Specifically, he has failed to show that his prior counsel's performance was grossly negligent or otherwise so deficient as to warrant relief. To the contrary, the record reflects that the defendant's interests were adequately represented by his prior counsel. Prior counsel filed a timely counterclaim at the request of, and in consultation with, the defendant. [Doc. 44-2, p. 1] Prior counsel appeared before this Court for an Early Neutral Evaluation and Case Management Conference, where this Court observed that he zealously and effectively represented the interests of his client. [Doc. 25, 33] The defendant has pointed to no facts establishing that his prior attorney's conduct fell

below the standard of reasonableness, other than to complain that counsel omitted two claims of invasion of privacy from his counterclaim. [Doc. 41, p. 2]

Indeed, the defendant does not even allege that his prior counsel was grossly negligent. Rather, he alleges that he should be excused from prior counsel's performance because prior counsel was hired by an insurance company and ostensibly focused primarily on defending covered claims rather than asserting counterclaims. However, the defendant cites no authority to support the proposition that these circumstances warrant relief. Furthermore, the fact that prior counsel prepared and filed a counterclaim belies the defendant's assertion that his prior counsel was only focused on defensive, not offensive, representation. This Court believes it is also possible that prior counsel made a reasoned assessment of the strengths and weakness of the defendant's case and decided, as a strategic matter, not to include invasion of privacy in the counterclaim.

The deadline for amending pleadings passed more than three months before the defendant brought this Motion. The new counterclaims that the defendant seeks to assert are based on facts that were known to the parties well before the defendant retained new counsel. *See* [Doc. 44, p. 4] ("[T]he new claims are based on circumstances well known to [the parties] because they are already pled."). At the outset of this case, the defendant elected to be represented by counsel provided by his insurance carrier. Though he may now regret that decision, under the law of the Ninth Circuit, he is bound by the performance of that counsel. "Because the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Community Dental*, 282 F.3d at 1168 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).

//

//

//

**D. Conclusion**

For the reasons stated above, the defendant has failed to establish good cause to amend the Scheduling Order. Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

Date: 7/15, 2015

KAREN S. CRAWFORD
United States Magistrate Judge