UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CARDENAS and MACHELLE CARDENAS, individuals; and EL PASEO GRANDE, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTSON WHITTEMORE, an individual and DOES 1-10 inclusive,<br><br>Defendant. | Case No.: 13-cv-01720 LAB (KSC)<br><br>**ORDER DETERMINING DISCOVERY DISPUTES**<br><br>**Doc. Nos. 48; 49** |

Before the Court are the parties' Joint Motions for Determination of Discovery Disputes regarding production of plaintiffs' tax documents. [Doc. Nos. 48; 49.] Specifically, defendant seeks a court order compelling the production of certain federal tax filings. [Doc No. 48-1, at p. 2; Doc No. 49-1, at pp. 4-5.] The Joint Discovery Disputes are comprised of two substantively identical Motions seeking the same information from plaintiffs for two separate properties owned by plaintiffs. Defendant seeks the tax documents related to 8466 El Paseo Grande, La Jolla, California, the subject of the instant litigation. [Doc. No. 49.] Defendant also seeks the tax documents related to 6715 Neptune Place, La Jolla California, the residence to which the plaintiffs moved as a result of

defendants alleged tortious actions. [Doc. No. 49.] The Court herein treats the two Joint Motions as a combined singular Joint Motion for Determination of Discovery Disputes. For the reasons outlined more fully below, the Court finds that defendant's request for an order compelling production of plaintiffs' tax documents must be **DENIED**. [Doc. Nos. 48; 49.] Plaintiffs, however, are **ORDERED** to provide defendant with supplemental written responses in narrative form to the six (6) enumerated areas set forth at page 6, *infra*, to the extent that such information exists, by **December 8, 2015**.

## I. BACKGROUND

The parties are former neighbors with a long history of litigation against each other.[1] Plaintiffs filed the instant diversity action on July 24, 2013, alleging causes of action for private nuisance and trespass to real property. [Doc. No. 1, at pp. 9-19.] Plaintiffs contend that the tortious actions by defendant forced their family to relocate from 8466 El Paseo Grande, La Jolla, California ("Cardenas property") to 6715 Neptune Place, La Jolla, California ("Neptune property").[2] *Id.* Defendant Robertson Whittemore resides in the property directly adjacent to the Cardenas property. [Doc. No. 1, at p. 4.] *Id.*

On June 1, 2015, defendant served Requests for Production of Documents, Sets One and Two. [Doc. No. 49-3, at p. 1.] In their responses, plaintiffs objected to the production of the tax documents under a claim of privilege. [Doc. No. 49-3, at pp. 30-32.] On September 28, 2015, the parties submitted these Joint Motions for Determination of Discovery Disputes in order to resolve the matter. [Doc. Nos. 48; 49.]

## II. DISCUSSION

Defendant requests this Court order production of plaintiffs' Form 8825's, Schedule K-1's, and Schedule E tax documents for both properties for several preceding tax years. Plaintiffs claim that the documents in question are privileged under California law and are

---

[1]   *See Cardenas v. Whittemore*, No. 10CV1808, 2013 WL 941634, at *1 (S.D. Cal. Mar. 11, 2013).

[2]   Plaintiffs Joseph Cardenas and Machelle Cardenas own Cardenas Family Investors, LLC ("CFI") and El Paseo Grande, LLC ("EPG"). [Doc. No. 1, at pp. 2-3.] EPG owns the Cardenas property while CFI owns the Neptune property. [Doc. No. 1, at pp. 9-19.]

2

13-cv-01720 LAB (KSC)

therefore not subject to production. [Doc. No. 48-5, at p. 18; Doc. No. 49-5, at p. 19.] Defendant argues that plaintiffs placed the tax documents at issue by claiming lost revenue and economic damage in this case. [Doc. No 48, at pp. 3-5; Doc. No. 49, at pp. 3-5.] Defendant also asserts that his requests are sufficiently narrow and compelling so as to outweigh the privacy interest of plaintiffs. *Id.*

Claims of privilege in federal diversity actions are governed by state law. *In re Cal Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). Under California law, income tax returns enjoy a qualified privilege from discovery.[3] *Webb v. Standard Oil Co.*, 49 Cal. 2d 509, 513 (1957). The privilege extended to income tax returns in *Webb* is not absolute. *Schnabel v. Superior Court of Orange County*, 5 Cal. 4th 704, 721 (Cal. Ct. App. 1993). Relevance to the parties' claim alone is not sufficient to overcome the privilege. *See Fortunato v. Superior Court*, 114 Cal. App. 4th 475, 482 (Cal. Ct. App. 2003); *Weingarten v. Superior Court*, 102 Cal. App. 4th 268, 274 (Cal. Ct. App. 2002). There are three situations in which the privilege does not apply: "(1) there is an intentional relinquishment; (2) the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived; and, (3) a public policy greater than that of confidentiality of tax returns is involved." *Schnabel v. Superior Court of Orange County*, 5 Cal. 4th 704, 721 (Cal. Ct. App. 1993) (internal citations omitted).

It is undisputed that the documents in question fall under the privilege declared in *Webb*. [Doc. Nos. 48; 49.] While defendant argues that the documents lose their privileged status due to the essential nature of the information contain therein, this Court finds that none of the limited exceptions apply. First, defendant does not assert and the record does not evidence an intentional relinquishment of the privilege. Second, the gravamen of this lawsuit is premised on the conduct of the defendant. While plaintiff seeks, *inter alia*,

---

[3] This privilege applies to corporations and partnerships as well as individuals. *Rifkind v. Superior Court*, 123 Cal. App. 3d 1045, 1049 (Cal. Ct. App. 1981).

monetary damages associated with their inability to occupy the Cardenas property, the defendant has not articulated a basis upon which to conclude that the privilege for protecting the documents sought has been waived. For courts to order the documents produced under this exception requires a party to place at issue "the existence and the content of [their] tax returns and the tax consequences of the computations thereon" such that "establishment of all the essential elements of [the parties'] case will be impossible without proof of statements and computations in [their] returns." *Wilson v. Superior Court*, 63 Cal. App. 3d 825, 830 (Cal. Ct. App. 1976). In *Wilson,* where the plaintiff sued defendants for negligent preparation of her tax documents, the court reasoned that the content of her tax documents was so central to the case that she "could either maintain her lawsuit or the confidentiality of her tax returns." *Id.*; s*ee also Webb v. Standard Oil Co. of Cal.*, 49 Cal. 2d 509, 511 (1957) (tax document privilege upheld despite assertions by defendants that they were "entitled to inquire whether plaintiffs had made any claims for [tax] deductions because of property loss from the fire.").

Furthermore, plaintiffs' claim of damages does not necessarily place the content or existence of the requested tax forms at issue. While defendant provided the Declaration of Anna Addleman, a certified public accountant [Doc. No. 48-6; Doc. No. 49-6] to support his demand for the tax documents, this information can be discovered through other sources which are not subject to privilege. For example, the defendant seeks information regarding number of days the plaintiffs successfully rented their properties and what expenses are associated with owning and operating the homes. [Doc. No. 48-6, at pp. 3-4; Doc. No. 49-6, at pp. 3-4.] Defendant can obtain this information through interrogatories, depositions, or review of accounting records. Because resolution of the plaintiffs' claim does not necessitate an examination of the tax records themselves, they are not subject to production.

Finally, defendant's request does not fall within the third exception relating to policy considerations, namely whether a public policy greater than that of confidentiality of tax returns is involved. This exception has been "narrowly construed, and applied only when warranted by a legislatively declared public policy." *Weingarten v. Superior Court*, 102

Cal. App. 4th 268, 274 (Cal. Ct. App. 2002) (quoting *Schnabel*, 5 Cal. 4th at 721); *see Miller v. Superior Court*, 71 Cal. App. 3d 145, 149 (Cal. Ct. App. 1977) (finding a sufficient public policy interest in disclosing tax documents when attempting to enforce child support orders.). Even when a party identifies a valid public interest, disclosure of the tax records must still be necessary to protect that interest. *King v. Mobile Home Rent Review Bd.*, 216 Cal. App. 3d 1532, 1538 (Cal. Ct. App. 1989) (*citing Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th. Cir. 1975). "The fact that financial records are difficult to obtain or that a tax return would be helpful, enlightening or the most efficient way to establish financial worth is not enough." *Weingarten v. Superior Court*, 102 Cal. App. 4th at 276.

In this case, no legislatively declared policy interest is presented to justify compelling production of the plaintiffs' tax returns. To compel production simply because the claim involves damages to real property would be contrary to public policy and only serve to eviscerate the tax document privilege. Defendant's request for the tax documents is not a compelling public interest sufficient to overcome the privilege established under California law. Consequently, this Court finds that the plaintiffs' tax documents are privileged and do not fall within any of the three narrow exceptions. *Schnabel v. Superior Court of Orange County*, 5 Cal. 4th 704, 721 (Cal. Ct. App. 1993).

The defendant is, however, entitled to a portion of the information sought in his Request for Document Production One and Two. [Doc. 49-5, at p. 20, 25-26.] The Scheduling Order [Doc. No. 35] as amended [Doc. Nos. 36; 46] set the fact discovery deadline for July 22, 2015. Defendant filed the initial request for plaintiffs' tax documents on June 1, 2015; plaintiffs did not serve written responses until August 12, 2015. Defendant timely filed the instant Motions on September 28, 2015. [Doc. Nos. 48; 49.] In light of the pending pre-trial dates and in an effort to move the case towards an expedited resolution, the Court **ORDERS** that plaintiffs provide defendant supplemental written responses in narrative form, to the extent the information exists, concerning the following limited areas:

1) Whether the Cardenas', jointly or individually, Cardenas Family Investors, LLC,

and/or El Paso Grande, LLC deducted expenses and depreciation from the gross rental income received from the subject properties for tax years 2012 to the present. If so, the dollar amounts by category and year are to be produced.

2) List the rental losses flowing through to the individual plaintiffs' tax returns, including the losses that are being offset against other income, for tax years 2012 to the present.

3) State the number of "fair rental days" and "personal use days" for 2012 to the present for each of the individual properties.

4) State the carrying costs and deductible expenses (by year) related to each of the subject properties during tax years 2012 to the present, as well as the rental income (by year) received during that same period.

5) State the annual profits and losses from each of the subject properties for tax years 2012 the present.

6) State the taxable profits and losses from each of LLC's for years 2012 the present.

Plaintiff shall provide defendant with supplemental answers to the referenced areas no later than **December 8, 2015**.

### III. CONCLUSION

For the reasons outlined above, defendant's requests to compel production of plaintiffs' tax documents are **DENIED**. [Doc. Nos. 48; 49.] Plaintiffs are **ORDERED** to provide defendant supplemental written responses in narrative form to the seven enumerated areas, to the extent that the information exists, by **December 8, 2015**.

**IT IS SO ORDERED.**

Date: __11/23__, 2015

KAREN S. CRAWFORD
United States Magistrate Judge